1983 Form

# In the United States District Court
# For the Northern District of Alabama

Robert Underwood, [on behalf of himself and others similarly situated],
Plaintiff

CV-16-CO-0892-S

(Enter above the full name(s) of the plaintiff(s) in this action)

v

Leon Bolling, [as Warden III vested with due care of wards of state], et al,
Defendants

(Enter above full name(s) of the defendant(s) in this action)

I. Previous lawsuits

   A. Have you begun other lawsuits in state or federal court(s) dealing with the same facts involved in this action or otherwise relating to your imprisonment?   Yes ( )   No (✓)

   B. If your answer to A. is "yes", describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuit(s) on another piece of paper, using the same outline.)

      1. Parties to this previous lawsuit

         Plaintiff(s): — None —

         Defendant(s) ″

      2. Court (if Federal Court, name the district; if State Court, name the county)

         ″

      3. Docket Number   ″

      4. Name of judge to whom case was assigned   ″

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?
   _____ // _____
   _____ // _____

6. Approximate date of filing lawsuit  //

7. Approximate date of disposition  //

II. Place of present confinement  W.E. Donaldson Correctional Facility

   A. Is there a prisoner grievance procedure in this institution?
      Yes ( )   No (✓)

   B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
      Yes ( )   No ( )  N/A

   C. If your answer is YES:
      1. What steps did you take?  — None —
         _____ // _____
      2. What was the result?  //
         _____ // _____
         _____ // _____

   D. If your answer is NO, explain why not?  //
      _____ // _____
      _____ // _____
      _____ // _____

III. Parties
In item A below, place your name(s) in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.

   A. Name of plaintiff(s)  Robert Underwood; as an incarcerated Citizen and ward of Warden Leon Bolling,

      Address  100 Warrior Lane Bessemer, Al. 35023

In item B. below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item C for the names, positions, and places of employment of any additional defendants.

B. Defendant **Leon Bolling**
   is employed as **Warden III**
   at **W.E. Donaldson Correctional Facility**

C. Additional Defendants **Captains White, Tew and Baldwin;**
   **Lt Terry Thomas and Correction Officer Fox.**
   **100 Warrior Lane**
   **Bessemer, Al. 35023**

IV. Statement of Claim

State here, as briefly as possible, the FACTS of your case. Describe how each defendant is involved. Include, also, the names of other persons involved, dates and places. *Do not give any legal arguments or cite any cases or statutes.* If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheet, if necessary.

Due to Officer Fox abandoning his assigned post on 1-16-16, O Dorm was unsecured and Plaintiff was assaulted by another inmate while sleeping, i.e., stabbed with an ice pick and repeatly hit in the head and facial area with a lock on a Belt.

Please see attached pages.

## V. RELIEF

State briefly ~~exactly~~ what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Compensatory Damages, Punitive Damages, Remedial Planning and Trial by Jury.

Please see attached pages

"I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 24th, 2016
(date)

Robert Underwood #137635
100 Warrior Lane
Bessemer, Al. 35023

Signature(s)

- 4 -

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
'16 MAY 31 A 11:10

ROBERT UNDERWOOD,      X   Civil Action:
    Plaintiff,              X
    vs.                     X
Leon Bolling, et al,   X
    Defendants              X

## Complaint for Civil Rights Violation and A.D.O.C. Inability to Protect

Comes now, Robert Underwood, a prisoner in the 'custody and care' of Leon Bolling, Warden III of W.E. Donaldson Correctional Facility whom by and through said Bolling is responsible for Underwood's safety, health, and in so doing, Bolling through Standard Operating Procedures, [Administrative authority to implement Institutional Standard Operating Procedures, Admin. Reg. 018] does directly, indirectly, or otherwise, causes each and every 'post assignment' to be filled by, and believed to be, per Admin. Reg. #321, A.D.O.C.'s succession rosters, or said Bolling is in control of, or can control through his authority to appoint a designee responsible for security being

timely assigned to each and every Dormitory where inmates are housed, to ensure according to due care vested in his color of office, said inmates are provided adequate safety; therefore, Underwood [hereinafter Plaintiff] moves this court to duly consider the deliberate indifference shown your Plaintiff, which said Bolling in his official capacity as Warden of a Max security prison, knew or should have known, would, and did cause physical injury to a person in his care and custody as a ward of the state; and with total disregard of acting within the Realm of his Administrative authority — lacks due care to correct the problem; thus says the Plaintiff.

Continued from page 2 of the Complaint Form.

III. PLAINTIFF, ROBERT UNDERWOOD, is an incarcerated citizen housed at W.E. Donaldson Correctional Facility and a ward of Leon Bolling, whom at all times is dependent upon said Bolling for cloths, food, shelter, medical needs, safety, security and health, coupled with personal

2.

necessities. As a ward of said Bolling, your Plaintiff having been assigned to O Dormitory a living Quarter for prisoners which houses double its designed capacity, 130 prisoners, was assaulted while sleeping and as witnessed by many other prisoners, Correctional Officer Fox, was neither in the dorm or out-side the dorm.

Cont. from page 3.

B. Defendant Leon Bolling, who at all times owes Plaintiff, under color of state statutes, A.D.O.C. Rules, Regulations, policies, procedures, Standard operating Procedures, and Federal law, due care sufficient and Reasonable enough to Constitute safety, security and health [as stated above # III] in moderation; but due to lack of due care and or neglect in ensuring O Dorm is provided an officer whom will perform his tour of duty without abandoning his post or instituting disciplinary action against those officers abandoning said post, the defendant deprived Plaintiff of serious needs, Rights, privileges and 'safety' secured by the

3.

Constitution and laws, upon such leaves Defendant liable to Plaintiff for his injuries.

Cont. from page 3 of the Complaint.

C. Captain Tew, Captain Baldwin, Captain White, [First names are unknown] at all times preceding the date and time of the incident, and up until the date and time of the same where each Defendant, who, under color of State statutes, ADOC Rules, Regulations, policies, and W.E. Donaldson's S.O.P., ensuring the enforced Administrative task is carried out efficiently, and each Defendant is responsible for overseeing duty rosters being filled, security and investigative functions are in Administrative prospective [see Regulations # 018; Rule 006, Reg #024, Reg #204, Reg #208, Reg #219, Reg. 231, Reg. 232; also Admin. Regs # 300, 302, 306, 316, 321, 331, 402] and each Defendant is liable to Plaintiff for failing to act according to Institutional policies by not causing O Dorm to have an adequately trained Officer assigned at the time of the incident, and neglecting to ensure disciplinary proceeding were taken against Officer Fox.

4.

Cont. from a page 3

Defendant Terry Thomas, Correctional Officer Fox [First name unknown] who, under color of Administrative duties [see above Admin. Regulations], State statutes, A.D.O.C. Regulations, at all times owed Plaintiff reasonable due care by making sure that on the date and time of the incident, said post was filled at all times through the 6pm to 6am Night Shift, in so doing, said Lt. Thomas caused or otherwise had control over assigning each Correctional Officer on his shift to a designated post to perform their tour of duty as expected per said Admin. Regs, and it is believed said Lt. Thomas assigned Defendant Fox to O Dorm whom abandoned said post and was not subject to Administrative action after it was discovered Plaintiff suffered body harm solely because said post was not secured which subjected Plaintiff to the deprivation of various rights and privileges secured by the Constitution and Federal law well established, and both, in their individual 'and' 'or' official capacities are liable to Plaintiff.

5.

Cont. From page 3 of the Complaint Form.

## IV. Statement of THE CLAIMS.

D. Defendants were deliberatly different or otherwise deliberately indifferent in the instant cause of action because as each and every defendant knew or should have known inmates preceding the incident complained of by Plaintiff have been assaulted, stabbed, or injuried by other inmates "solely" 'because' the Dorm was not 'adequately secured', occupied by the presence of an assigned Correctional officer or any such officer assigned regularly abandoning their 'O Dorm' post, as Fox on the date and time Plaintiff was subjected to his injuries; said Defendants fail to correct the lack of due care of officers assigned to said post and abandoning the same by Administrative Action under scope of Rules, Regulations, policies and procedures available to punish such officers coupled with using the same authority to ensure competent and properly trained officers are efficient in executing their tour of duty in order to deter violence between inmates. Defendants acts and omissions set out in avertments below, rise to the level of violating Plaintiff's Federal Rights under the 8th

6

Amendment and the 14th Amendment to the United States Constitution: Defendants having subject Plaintiff to have to 'secure his own safety' constitutes cruel and unusual punishment; and both Substantial 'and' Procedural due Process of law for said Defendants not providing an adequate Remedy of Redress nor charging Fox and Lt Thomas for neglecting their duties to do the Same or a total disregard for their duties by Recklessly failing to do the same or to correct the continuing inadequately secured post assignment.

E. Correctional Officer Fox is liable for leaving his assigned post on the date and time or shortly before the incident occurred in O Dorm and was not present on said post after the incident, thereby violating Plaintiff's federally Protected Rights under the 8th and 14th Amendments for failing to secure said post and fulfilling his tour of duty under color of state statutes 'and' A.D.O.C.'s Rules, Regulations, policies, and procedures, which Requires the Defendant to provide safety to inmates housed in Dormitory living quarters, and but for his intentional, knowingly, willingnessly and neglecting said Plaintiff's safety, Plaintiff was injured due his absence.

7.

F. Lt Terry Thomas is liable for failing to ensure 'O Dorm' post was filled from 6pm until 6am on and about time and date of said incident and said Thomas under color of state statute, A.D.O.C.'s Rules, Regulations, policies, procedures and practices is and was vested with the duties and responsibilities to approve, assign or otherwise ensure said post was filled before the coming shift as well as using a Rover to fill the absence of the assigned officer be it for a lunch break or other valid reasons. Defendants failure to ensure the same resulted in Plaintiff being injured and therefore, violated Plaintiff's Federally Protected Rights under the 8th and 14th Amendmends to the United States Constitutions promised on the averments set out below.

G. Captains Baldwin, Tew, and White are all liable to the Plaintiff for failing to ensure Administrative action was taken or an adequate investigation took place against Defendant Fox and any other reason said O Dorm post was and still is being abandoned as being their responsibilities to ensure Plaintiff's safety is consistent with constitutional demands and failure to do so constitutes an intentional, knowingly, willful neglect of Plaintiff's 8th and 14th Amendment Rights under the U.S. Constitution as set out in the below averments.

8.

H. Leon Bolling as Warden of W.E. Donaldson under color of state statutes, A.D.O.C.'s Rules, Regulations, policies, procedures and Standard Operating Procedures is vested with the duty and care of Plaintiff as his ward and directly or indirectly Responsible for Plaintiff's safety from violence by ensuring adequately trained Officers oversee the assigning of Officers to security post such as 'O Dorm' and ensuring Administrative Action is taken when such duties are in Fact neglected, abandoned which leads to an injury of an inmate in his care and control; Defendant Bolling having intentionally, willfully, recklessly and knowingly fail to do so has Resulted in inmates safety being thwarted and no proper action taken to correct the constitutional rights of Plaintiff thereby violating his 8th and 14th Amendment Rights under the U.S. Constitution as set out in the below averments.

## Statement of the Facts

On January 16th, 2016, around or above 1:20 AM, Correctional Officer Fox was assigned to 'O Dorm' post at W.E. Donaldson Correctional Facility, which

9.

Officer Fox's tour of duty begin at 6pm on 1-15-16, and Fox accordingly was Required to Remain 'on' said post until the end of his shift which would have been at 6 Am on 1-16-16. Plaintiff went to bed without incident or conflict with any inmate or inmates. Around said time, 1:20 Am, Plaintiff was awaken by inmate Jerry Lee Matthews, AIS# 130976, beating Plaintiff with a lock on a belt, and also stabbing Plaintiff with a prison made ice pick. Plaintiff, having to defend while in the bed until he could get up and push said inmate off and away from him, begin Running around the inside of 'O Dorm' with said inmate chasing him, and blocking the only way out. This continued for a few minutes and Plaintiff was able to made it out the door Running toward the gaurd shack, nearly 200 yards from said 'O Dorm'. At this point Plaintiff was seen by Officer Cunningham Running toward the shack and once there, Cunningham ask what happen and to the best of Plaintiff's ability was he told. Cunningham took Plaintiff to medical where Plaintiff gave his first statement and then Lt. Terry Thomas was told what happen by Plaintiff.

Medical staff Released Plaintiff to population this same morning without observation. At no time

10.

before or during the attack was Officer Fox on or around his assigned post. Plaintiff suffered physical injuries and still has trouble sleeping due the attack. Plaintiff requested to speak with I&I which was to no avail and Officer Fox was never disciplined and his 201 file will establish the same. Many inmates in O Dorm is willing to testify that Fox left his post and was no where around at the time of the incident. Had Fox been on the post he was assigned, just his presence alone may have prevented the attack.

## Avertments

1. Plaintiff is in the full care of Leon Boiling because he is a ward of the state.
2. Boiling was made aware of Fox abandoning his post on the date and time of incident.
3. Fox was never subject to disciplinary, corrective, or reprimand actions for abandoning his post.
4. Thomas is responsible for approving and or assigning 'each security post' an officer.
5. O Dorm is a living quarter for inmates and constitutes a security post that must be filled 24 hours a day/night.

11.

6. There is 130 inmates assigned to O Dorm at all times.
7. Each Captain is Responsible for Administrative matters, Security and general population as well as segregation policies being enforced.
8. Fox is liable for leaving O Dorm abandoned both to the Administration and Plaintiff.
9. Bolling is liable for failing to permit I&I to talk with Plaintiff and doing so intentionally.
10. O Dorm has an overhaul of inmates and it is not designed to house 130 prisoners.
11. At all times an Officer is to be assigned on the 'Floor' and a 'Rover' and 'Cube' Officer overlooking the entire O Dorm.
12. No Officer is assigned to O Dorm cube at any time.
13. Plaintiff was stabbed (5) Five times; blacked eye and life sustaining scar on his nose from the lock.
14. Thomas authorizes, permits, allows Officers to abandon their post on the Southside Dorms K, L, M, N and O Dorms.
15. Its a practice and or custom at W.E. Donaldson to cover Officers breach of duty, denying inmates access to investigative agency I&I, and not Respond to any complaints, Requests or demands for same.

12

16. The Administration of W.E. Donaldson has an extended history of intervening to stop proper investigation into criminal activities such as I&I coming in on inmates assaulted with prison made weapons.
17. W.E. Donaldson prison authorities are Required by law to provide 'safety and security' measures for both staff and inmates.
18. A Dormitory is accorded a security location of the prison.
19. Supervisors are trained to determine and fill the most needed security locations in order.
20. Fox knew or should have known abandoning his post would warrant an infraction.
21. Fox would be the officer responsible for filling out an incident report per Regulations.
22. Fox could not have omitted in the incident report his abstence from O Dorm without falsifying the report.
23. Lt. Thomas and Fox will be in violation of Regulations for giving false reports about the incident and Fox's whereabouts at the time in which it took place.
24. Lt. Thomas knew or should have known O Dorm post was regularly abandoned and inmates injuried due no officer being physically presence, and the same is a breach of safety and security.

13.

Cont. from page 4 of the complaint form.

V. <u>Relief Sought</u>.

Plaintiff Reserves the Right to submit to the court or jury an amount in Damages for the injuries Plaintiff suffered. Upon all pleadings, submissions and admissions, Plaintiff demands:

i. A trial by Jury to determine liability;

ii. Immediate Remedial Plan by W.E. Donaldson Officials to prevent post abandonment, Reporting procedures for inmates when post are abandoned, and corrective means upon such findings; an adequate procedure for inmates to seek I&I to investigate crimes against them; and any other necessities to secure safety and security;

iii. Compensatory Damage against each and every liable Officer to Plaintiff's injuries; and

iv. Punitive Damages for each and every wrong found by the court or jury which was done by liable Defendants to Plaintiff's injuries.

Respectfully Submitted,
Robert Underwood